

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | | |
|---|---|---|
| MELINDA O'CONNOR, | ) | ED CV 04-01300-JFW (SH) |
| Plaintiff, | ) ) ) | ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. | ) ) | |
| JO ANNE B. BARNHART, Comm., Social Security Administration, | ) ) | |
| Defendant, | ) ) | |

Pursuant to 28 U.S.C. §636(b)(1)(B), the Court has reviewed the pleadings and other papers herein along with the attached Report and Recommendation of United States Magistrate Judge, and has made a de novo determination of the Report and Recommendation.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted as the Fact and Conclusions of Law herein; (2) that the decision of the Commissioner be affirmed, and (3) plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that the Clerk shall serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation and the Judgment by United States mail on the plaintiff and on the United State Attorney for the Central District of California.

DATED: 8/29/05

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

COPY FOR THE MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| MELINDA O'CONNOR, | ) ED CV 04-01300-JFW (SH) |
| Plaintiff, | ) REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. | ) |
| JOANNE B. BARNHART, Commissioner of Social Sec. | ) |
| Defendant. | ) |

This Report and Recommendation is submitted to United States District Judge John F. Walter pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## I. INTRODUCTION

Plaintiff Melinda O'Connor ("Plaintiff") filed a Complaint seeking review of Commissioner's decision denying her claim for disability insurance benefits

1

("DIB") and Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. The matter has been taken under submission.

## II. BACKGROUND

On September 12, 1993, Plaintiff filed an application for a period of disability alleging an inability to work due to mental and physical limitations. Plaintiff's claim was denied initially, and again upon reconsideration. [Administrative Record ("AR") at 971-980] Plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ'), and the hearing took place on October 4, 1996 and November 12, 1996. On February 1, 1997, a decision was issued which found the plaintiff not disabled and not entitled to a period of disability and DIB, and not eligible for SSI. [AR 971] The Appeals Council denied the plaintiff review and the plaintiff then commenced a Civil Action No. CV 98-7122 (SH) in the United States District Court for the Central District of California. On September 24, 1999, the District Court reversed the decision of the ALJ and remanded the matter pursuant to Sentence Four of §405 (g). Plaintiff's second ALJ hearing took place on March 4, 2002 and continued on July 10, 2002, with an unfavorable decision being issued on August 16, 2002. [AR 971, 980] Specifically, the ALJ found that throughout the entire relevant period the plaintiff has been able to perform her past relevant work as a bank teller and therefore was not disabled. [AR 979, #6] The Plaintiff in this action makes two challenges to that determination.

## III. DISCUSSION

Under 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but "less than a preponderance." Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). This court cannot disturb the Commissioner's findings if those findings are supported by substantial evidence, even though other evidence may exist which supports plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert denied, Torske v. Weinberger, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

It is the duty of this court to review the record as a whole and to consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). The court is required to uphold the decision of the Commissioner where evidence is susceptible of more than one rational interpretation. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

Plaintiff asserts that the ALJ failed to address the opinion of Plaintiff's treating physician, Dr. Abejuela. Plaintiff contends that Dr. Abejuela determined Plaintiff to have psychological limitations which were not addressed in assessing Plaintiff's residual functional capacity. [AR 826] Specifically, Dr. Abejuela's

psychiatric report on April 10, 1996, states that Plaintiff, "can do simple, repetitive tasks and can sustain this for an eight-hour period." [AR 826] However, in the ALJ's Decision, it is noted that the medical expert, Dr. Landau, noted that same psychiatric consultative examination by Dr. Abejuela resulted in a diagnosis of mild depression with no mental limitations whatsoever. [AR 977] Upon inspection of the record, Dr. Abejuela also stated in the same April 10, 1996 mental examination that, "there is no evidence of severe depression of anxiety," and "from a purely psychiatric standpoint, [Plaintiff] is not significantly impaired." Dr. Abejuela then concluded that, "there [are] no limitations due to emotional impairment and no restriction in daily activities." [AR 825]

The Commissioner contends that, although the ALJ did not address the opinion of Dr. Abejuela, the omission was harmless error. Consistent with the Dr. Landau's opinion at the Hearing, the Commissioner argues that the totality of the mental status examination found the plaintiff to be normal and not significantly impaired by her alleged depression, because it had no more than a minimal impact on her ability to work. [AR 825] During the Hearing, Dr. Landau summarized that Drs. Abejuela and Nayyar found that Plaintiff's depression was being controlled by Zoloft and that all mental examinations of the plaintiff were normal. Dr. Abejuela also found that Plaintiff's personal, social and occupational functioning were not severely impaired from the psychiatric standpoint.

Although there appeared to be slight discrepancies in Dr. Abejuela's April 10, 1996 mental status examination, the ALJ properly weighed Dr. Landau's opinion. Dr. Landau concluded that the plaintiff was not mentally impaired given the totality of the medical evidence. As described above, Dr. Abejuela's examination explains in great detail that the Plaintiff retained an ability to perform without limitation.

[AR 825] Plaintiff contends that the one sentence by Dr. Abejuela stating Plaintiff can do simple, repetitive tasks concludes the overall examination. However, given Dr. Landau's opinion, as well as the findings of Drs. Abejuela and Nayyar, the ALJ's mental assessment was rational.

Therefore, the decision of the ALJ was rational and based on substantial evidence. Accordingly, the Commissioner's decision is upheld. Torske, 484 F.2d at 60; Harvey, 451 F.2d at 590; Gallant, 753 F.2d at 1453.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the decision of the Commissioner be affirmed, and the Plaintiff's motion for summary judgment be denied.

DATED: 8-8-05

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE